UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SHARON E NAILL, *et al*, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-04-13 |
| | § | |
| CESAR BENAVIDES, *et al*, | § | |
| | § | |
| Defendant. | § | |

**OPINION & ORDER**

Pending before the Court are Plaintiffs Sharon E. Naill and John Edward Jones' [Plaintiffs] Motion to Alter or Amend the Judgment, Defendants Cesar Benavides, Rodrigo Ruiz, Mayor Betty Flores, individually and in her official capacity as Mayor for the City of Laredo, Agustin Dovalina, III, individually and in his official capacity as Chief for the Laredo Police Department, Gilbert Navarro, individually and in his official capacity as Assistant Deputy Chief for the Laredo Police Department and the City of Laredo's [Defendants] Response to Plaintiffs' Motion to Alter and Amend Judgment, and Motion to Strike Plaintiffs' First Amended Civil Rights Complaint. [Dkt. Nos. 44, 47, 48]. Upon due consideration of the pleadings, the record and the legal authorities, the Court DENIES Plaintiffs' Motion to Alter or Amend the Judgment.

**I.    Procedural Background**

On April 14, 2005, the Court issued an Order denying Defendants' Motion for Summary Judgment for claims against Defendants Ruiz, Benevides and Unknown, granting Defendants' Motion for Summary Judgment for claims against Defendants Flores, Dovalina and Navarro, and granting Defendants Motion to Dismiss for claims against the City of Laredo, which includes

Defendants Flores, Dovalina and Navarro in their official capacities. [Dkt. No. 35]. On May 5, 2005, Plaintiffs filed Memorandum in Support of Motion to Alter or Amend the Judgment in which Plaintiffs argue that the Court erred in its ruling or, in the alternative, that Plaintiffs should be allowed to file an amended complaint. [Dkt. No. 36]. On August 15, 2005, the Court issued a Memorandum and Order in which the Court denied Plaintiffs' Motion to Alter or Amend the Judgment after finding that it had made no error with regard to its previous ruling. [Dkt. No. 43]. On August 31, 2005, Plaintiffs filed a second Motion to Alter or Amend Judgment arguing that Plaintiffs should be allowed to file an amended complaint. [Dkt. No. 44]. (No proposed order was attached to this motion, but Plaintiffs did offer Plaintiffs' First Amended Civil Rights Complaint.) Finally, on September 16, 2005, Defendants filed their Response to Plaintiffs' Motion to Alter and Amend Judgment, and Motion to Strike Plaintiffs' First Amended Civil Rights Complaint.

**II.    Discussion**

Plaintiffs argue that they should be allowed to file Plaintiffs' First Amended Civil Rights Complaint because pursuant to FED. R. CIV. P. 15(a), parties are permitted as a matter of course to submit an amended pleading any time before a responsive pleading is served. [Dkt. No. 44]. The Court must disagree.

It is true that only Defendant Ruiz filed an answer. [Dkt. No. 2]. It is also true that the Fifth Circuit has held that a motion to dismiss or a motion for summary judgment are not responsive pleadings. *See Whitaker v. City of Houston*, 963 F.2d 831, 835 (5th Cir. 1992); *Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir. 1984). However, the Fifth Circuit has held that a

plaintiff's right to amend under Rule 15(a) terminates upon dismissal of his or her complaint. *See Whitaker v. City of Houston*, 963 F.2d at 835.

More specifically, the Fifth Circuit has found that if an order dismissing a complaint constitutes dismissal, plaintiff is not permitted to file an amended complaint. *Id*. If, on the other hand, an order dismissing a complaint does not expressly or by clear indication dismiss the action, then the plaintiff may amend, "but only with permission of the court." *Id*.

While the Order dismissing Plaintiffs' claims against Defendant City of Laredo does not state or clearly indicate that no amendment is possible, it is within the Court's discretion to permit Plaintiffs to file an amended complaint. The Court finds that based on the content of Plaintiffs' proposed First Amended Civil Rights Complaint, it would be futile to grant Plaintiffs leave to file their amended complaint and would cause undue delay.

There are five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). The Court finds that permitting Plaintiffs to file Plaintiffs' First Amended Civil Rights Complaint would be futile because Plaintiffs have failed to allege sufficient facts, which if proven true, would entitle them to relief.

Plaintiffs claim that "Defendants City, Flores, Dovalina, Navarro [sic] have subjected the Plaintiffs to a denial of constitutional [sic] right to be free from unlawful search and seizure by reason of their failure to act on the previous and numerous complaints filed by females against its police officers." [Dkt. No. 45, ¶ 18]. Plaintiffs further claim that their failure to act "has created an environment which is subjecting all females to a substantial and pervasive risk of violence

and harassment from Laredo police officers." *Id*. However, as the Court has previously noted, in suing a municipality, a plaintiff must prove there was an official action by showing "three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (*quoting Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). Despite adding allegations of sexual violence by the Laredo Police Department against women, Plaintiffs have failed to allege a policy or custom sufficient to support municipal liability.

At no point do Plaintiffs allege that the Laredo Police Department has an official policy which caused the allegedly unlawful search and allegedly unlawful arrest. An official policy is ordinarily a policy statement, ordinance or regulation that has been officially adopted by a policymaker. *See Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Plaintiffs do not allege any policy that harms women. At best, Plaintiffs allege that the Laredo Police Department has failed to respond to certain complaints. However, the isolated incidents alleged by the Plaintiffs are not the equivalent of a department policy.

In addition, Plaintiffs have failed to allege a custom that gave rise to the allegedly unconstitutional actions. A custom is a "persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski*, 237 F.3d at 579.

Plaintiffs have alleged three separate incidents which they claim establish a custom of "failing to properly and adequately investigate sexual assault and harassment complaints filed by females against Laredo Police officers." [Dkt. No. 45, ¶ 13]. The first incident was a sexual assault by a police officer of a female in 1997. Plaintiffs claim that the Laredo Police

Department took no action until the police officer attempted to hire someone to kill the female for filing a complaint against him.  *Id*. at ¶ 14. The second incident was a sexual assault of a female police officer by a male Laredo police officer in 2003.  Plaintiffs do not allege that the Laredo Police Department failed to take or took improper action with regard to this sexual misconduct.  *Id*. at ¶ 15.  The third incident occurred in 2005 and involved a mildly retarded 26 year old female, who was forced to perform oral sex on a police officer.  Plaintiffs allege that the Laredo Police Department investigated the incident and reduced the assault charges to public lewdness allegedly in contravention of Texas law.  *Id*. at ¶ 16.

Because Plaintiffs have failed to allege that the Laredo Police Department failed to properly and adequately investigate the 2003 incident, Plaintiffs have essentially alleged two incidents approximately eight years apart.  It is difficult to see how two incidents over eight years could be "so common and well-settled as to constitute a custom that fairly represents municipal policy."  *Piotrowski*, 237 F.3d at 579.  Indeed, in light of the temporal remoteness of these two incidents, it is difficult to see what exactly Plaintiffs allege is a well-settled practice.  Moreover, in light of the factual differences regarding the investigation of these two incidents, it is difficult to see what aspect of police investigations could be considered a customary practice.

Furthermore, this case has been on file since February 2, 2004.  Plaintiffs' theory of the case has not changed substantially during that time.  Plaintiffs' proposed amended complaint simply asserts additional facts to support their claim against the City of Laredo.  But, as noted above, even considering such facts, the filing would be futile as such facts are still insufficient.  Therefore, allowing such filing would cause undue delay.

Because Plaintiffs have failed to allege a policy or custom by the City of Laredo and the Laredo Police Department, an amendment of Plaintiffs' municipal liability claim as set forth in

their proposed First Amended Civil Rights Complaint would be futile and would cause undue delay. Accordingly, the Court DENIES Plaintiffs Motion to Alter or Amend the Judgment and STRIKES Plaintiffs' First Amended Civil Rights Complaint from the record.

IT IS SO ORDERED.

DONE this 29th day of March, in Laredo, Texas.

*Micaela Alvarez*
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**